# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RKF RETAIL HOLDINGS, LLC, | |
| Plaintiff, | Case No. 2:14-cv-01232-APG-GWF |
| vs. | **ORDER** |
| TROPICANA LAS VEGAS, INC., | |
| Defendant. | |
| RKF RETAIL HOLDINGS, LLC, | |
| Plaintiff, | Case No. 2:15-cv-01446-APG-GWF |
| vs. | |
| EASTERN REAL ESTATE LLC, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Leave to Disclose Expert Witness and Submit Final Expert Damages Report (ECF No. 84), filed on March 15, 2017. Defendant Tropicana Las Vegas, Inc. ("Tropicana") filed its Response (ECF No. 93) on April 7, 2017. Defendant Eastern Real Estate LLC filed its Response (ECF No. 92) on April 7, 2017. Plaintiff filed its Reply (ECF No. 98) on April 21, 2017. The Court conducted a hearing in this matter on May 5, 2017.

## BACKGROUND

This matter arises from claims of fraudulent inducement, fraudulent concealment, breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment against Defendants. *See Complaint* (ECF No. 1). The Court granted Plaintiff's Motion to Consolidate (ECF No. 42) and the related matter, *RKF Retail Holdings, LLC v. Eastern Real Estate LLC*, Case No. 2:15-cv-01446-APG-CWH, was consolidated with this case on May 10, 2016. *See* ECF No. 48. The

Court granted Plaintiff and Defendant Tropicana's initial proposed discovery plan and scheduling order on November 3, 2014 and discovery was set to close on April 15, 2015. ECF No. 21. The Court granted the parties' first stipulation to extend deadlines on March 23, 2015. ECF No. 24. The discovery cut-off date was extended to September 15, 2015 and the deadline for initial expert witness disclosures was extended to July 16, 2015.

The parties subsequently filed and the Court granted six more stipulations to extend discovery. (ECF Nos. 26, 35, 41, 56, 62, 77). Other than the parties' second stipulation to extend discovery that extended the deadline for rebuttal expert disclosures to February 15, 2016, the parties' second through seventh stipulations to extend deadlines did not extend the initial expert disclosure deadline. The initial expert disclosure deadline was, therefore, July 16, 2015. The parties' fourth stipulation that was filed on March 25, 2016 included the following:

> RKF intends to seek leave after fact discovery is closed to identify a damages expert who can review the facts and submit a report in connection with any dispositive motion practice and will offer to make that expert available for deposition in the discretion of the court; RKF acknowledges that Tropicana opposes such leave and argues that expert discovery is closed.

*See Fourth Stipulation for Extension of Time* (ECF No. 40, 41), pg. 4.

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure governs discovery and the duty to disclose expert testimony. A party must provide its expert witness disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 16(a)(2)(B). Rule 37(c)(1) automatically excludes any evidence not properly disclosed under Rule 26(a), regardless of the party's bad faith or willfulness, unless the court finds that there is substantial justification for the failure to make complete disclosure, or that the failure to disclose is harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296 (D.Nev.1998).

A motion to extend any date set by the discovery plan or scheduling order must be supported by a showing of good cause for the extension. LR 26-4. The good cause standard primarily considers the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). The scheduling order may be modified if it cannot be reasonably be met despite the

diligence of the party seeking the extension. *Id.* If the party was not diligent, the inquiry should end. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir.2002). A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. LR 26-4. There are four factors in determining whether neglect is excusable: 1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Kelly v. CSE Safeguard Ins. Co.*, 2011 WL 2977890, at *1 (D. Nev. July 21, 2011) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). This determination is ultimately equitable and is left to the discretion of the district court. *Pioneer*, 507 U.S. at 395; *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir.2004).

Plaintiff requests leave to disclose its damages expert, Laura Boothman Stamm, and to submit her final expert damages report. Plaintiff must demonstrate both good cause and excusable neglect because it sought to modify the scheduling order when it filed its motion on March 15, 2017, well past the July 16, 2015 initial expert disclosure deadline. Plaintiff argues that both Defendants were aware that Plaintiff intended to disclose an expert and even received her preliminary report on November 6, 2016. As such, Plaintiff argues that there is no prejudice to Defendants because its expert may still be deposed and because trial would not be disrupted. Defendant Tropicana argues that Plaintiff failed to diligently seek timely relief to modify the scheduling order and permitting disclosure would result in prejudice to Defendants. Defendant Eastern Real Estate opposes Plaintiff's request as futile.

Plaintiff failed to show that it exercised due diligence in seeking an extension. Even though Plaintiff informed Defendants of its intent to disclose an expert after the close of discovery, it did not seek leave to do so until March 15, 2017, about a year and a half after the July 16, 2015 deadline. Plaintiff does not present any facts to show that it was diligent beyond its representation that it believed the parties were cooperating on the modification of deadlines prior to their fourth stipulation for an extension, which was filed on March 28, 2016. Plaintiff, therefore, waited about another year after the parties' fourth stipulation to seek leave to disclose its expert.

The substantial length of this delay is not harmless. Prejudice may be avoided if an extension is reasonable and the period of delay is not lengthy. Here, the parties have already conducted discovery which

closed on December 22, 2016. Requiring Defendants to conduct a deposition after the close of discovery to avoid prejudice disrupts this Court's scheduling order and the other parties' calendars. *Wong v. Regents of the University of California*, 410 F.3d 1052, 1062 (9th Cir.2005). Further, Plaintiff's desire to have its expert review documents and deposition testimony at the close of discovery does not justify its delay. Plaintiff, therefore, fails to carry its burden to show good cause and excusable neglect. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Disclose Expert Witness and Submit Final Expert Damages Report (ECF No. 84) is **denied**.

DATED this 17th day of May, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge